UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

IN RE:

JAMES ERIC MCMILLAN,   CASE NO. 24-50143-KKS
                       CHAPTER 7
    DEBTOR.
_____/

OCHLOCKONEE INTERNATIONAL, LLC.

    PLAINTIFF

VS.                                    ADV. PRO. NO.:

JAMES ERIC MCMILLAN

    DEFENDANT.
_____/

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT, TO DENY DISCHARGE, AND FOR OTHER RELIEF**

Plaintiff Ochlockonee International, LLC ("Plaintiff" or "Ochlockonee"), by and through its undersigned counsel, hereby files this Complaint against James Eric McMillan ( "Defendant" or "Debtor"), and alleges as follows:

**JURISDICTION AND VENUE**

1) This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference in this District.

2) This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J), as it involves determinations regarding the dischargeability of particular debts and the denial of discharge.

3) Venue is proper in this District pursuant to 28 U.S.C. § 1409, as Debtors' bankruptcy cases are pending in this District.

4) Plaintiff brings this action pursuant to Federal Rules of Bankruptcy Procedure 7001(4) and (6), 11 U.S.C. §§ 523(a)(2), (a)(4), (a)(6), 727(a)(2), (a)(3), (a)(4), (a)(5), and/or any other applicable sections.

## THE PARTIES

5) Plaintiff Ochlockonee International, LLC is a Florida limited liability company with its principal place of business at 4951 Woodlane Circle, Tallahassee, Florida 32303. It is the lender/creditor to certain obligations of the Debtors.

6) Defendant-Debtor James Eric McMillan is an individual who filed a voluntary Chapter 7 petition in this Court on September 18, 2024, Case No. 24-50143-KKS. He was a manager/member of McMillan-LaFord, LLC and/or affiliated entities that operated Sonic restaurants.

7) Krista Nicole Parrson is an individual who likewise filed a voluntary Chapter 7 petition in this Court on September 18, 2024, Case No. 24-50145-KKS,

was a manager/member of McMillan-LaFord, LLC, and executed personal guarantees or otherwise participated in the subject transactions.

8) Lee David LaFord is an individual who also filed a voluntary Chapter 7 petition in this Court on September 18, 2024, Case No. 24-50144-KKS, a manager/member of McMillan-LaFord, LLC, and signed personal guarantees, or took other actions relevant to Plaintiff's claims.

9) McMillan, Parrson, and LaFord acted in concert to conceal, divert, and deny Plaintiff the benefit of its bargain in this case, disclaiming any liability for the debts they arranged and watched be diverted to other purposes.

## FACTUAL BACKGROUND

10) Formation and Structure. McMillan-LaFord, LLC ("MLF") was formed under Florida law and was owned or managed by Debtors, including Eric McMillan, Parrson, and LaFord. MLF represented itself as acquiring or operating multiple Sonic restaurants through affiliated LLCs.

11) Purpose of the Loan. In or around October, 2023, MLF approached Plaintiff seeking a $1 million loan ("Loan") allegedly to provide operating capital or purchase/encumber certain Sonic restaurants. Defendant represented that the Loan proceeds would be used exclusively for MLF's legitimate business purposes.

12) **Loan Documentation.** On or about November 21, 2023, Defendant caused MLF to execute a Promissory Note to Plaintiff in the principal amount of $1,000,000 at 15% interest ("Note").

13) Debtors each executed personal guaranties ("Guaranties") in favor of Plaintiff.

14) MLF, through its authorized managers (including Debtors), executed Certificates of LLC Resolution authorizing the Loan for the stated business purpose.

15) MLF, through its authorized representatives, represented in writing there were "no other debts" that would impair repayment and that the proceeds would be used to operate or acquire the restaurants.

16) Misrepresentations. Unbeknownst to Plaintiff at the time:

a) The restaurants were burdened by substantial Merchant Capital loans ("MCA loans") totaling at least $400,000–$600,000, which Defendants never disclosed.

b) Defendants never obtained the required approval from Sonic corporate to assign or pledge franchise rights.

c) In reality, James McMillan's brother Chris McMillan or these Debtors diverted $1 million from MLF to Chris's personal use, leaving MLF insolvent and with no operating capital.

d) Debtors took on additional MCA loans around the same time or shortly thereafter, further demonstrating there was never intent nor ability to repay Plaintiff.

17) Closing and Diversion of Proceeds:

a) At closing, the entire $1 million was disbursed to or on behalf of Chris McMillan, or otherwise not used for the stated business purpose.

b) MLF received no actual benefit or operating capital, contrary to the Loan documents.

c) Default. MLF failed to pay the loan, despite repeated demands. The restaurants soon ceased operations. Plaintiff was left unpaid.

d) Bankruptcy Filings. Each Debtor commenced a bankruptcy case. In their Schedules, Statements of Financial Affairs, or sworn testimony, they have failed to adequately account for the disappearance of the $1 million, or omitted key facts regarding other debts and the use of proceeds.

e) Damages. Plaintiff has been damaged by at least $1 million plus interest, fees, and costs. Defendant's misconduct in procuring the loan and subsequent concealment or diversion renders the debt nondischargeable and/or supports denial of Debtors' discharge.

## I. FIRST CLAIM FOR RELIEF
**(Non-Dischargeability Under 11 U.S.C. § 523(a)(2)(A) – Actual Fraud)**

18) Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1–17 above.

19) Defendant obtained the Loan by false pretenses, false representations, and/or actual fraud, including but not limited to:

a) Representing that MLF was operating profitably with no significant debt, while concealing the existence of significant MCA obligations.

b) Promising to use the Loan proceeds for legitimate operating/business purposes, but diverting the funds to Chris McMillan or otherwise for non-business uses.

c) Stating that Sonic had or would approve the assignment and that the collateral was free of liens, which was false.

20) Plaintiff justifiably relied upon these material misrepresentations in extending the $1 million loan.

21) As a direct and proximate result of Debtors' deceptive conduct, Plaintiff has been damaged in an amount of at least $1 million, plus interest and fees, and such debt was incurred through actual fraud.

22) Accordingly, the obligations owed to Plaintiff should be declared nondischargeable under 11 U.S.C. § 523(a)(2)(A).

## II. SECOND CLAIM FOR RELIEF
### (Non-Dischargeability Under 11 U.S.C. § 523(a)(4) – Fraud/Defalcation in a Fiduciary Capacity)

23) Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1–17 above.

24) Defendant acted as manager/member of MLF, owing fiduciary duties under state law or under the operating agreement to handle MLF's funds (including borrowed funds) for legitimate corporate purposes.

25) By diverting the Loan proceeds for personal or unauthorized uses, Defendants committed fraud or defalcation while acting in a fiduciary capacity to MLF (and arguably to Plaintiff as the intended beneficiary of MLF's prudent use of borrowed funds).

26) Such conduct entitles Plaintiff to a determination that the resulting debts are nondischargeable under 11 U.S.C. § 523(a)(4).

### III.   VI. THIRD CLAIM FOR RELIEF
### (Denial of Discharge – 11 U.S.C. § 727(a)(2), (3), (4), or (5))

27) Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1–25 above.

28) Upon information and belief, in connection with their bankruptcy filings, Defendant has:

a) Concealed or transferred property of the estate with intent to hinder/delay creditors, in violation of § 727(a)(2).

b) Failed to keep or preserve adequate records from which their financial condition or the disposition of the $1 million can be ascertained, in violation of § 727(a)(3).

c) Made false oaths or accounts in their Schedules, Statements of Financial Affairs, or testimony, by omitting key facts about the Loan proceeds, MCA loans, or the alleged use of the funds, in violation of § 727(a)(4).

d) Failed to satisfactorily explain the loss or deficiency of the $1 million, in violation of § 727(a)(5).

29) Such acts or omissions warrant denial of Debtors' entire discharge under 11 U.S.C. § 727. If any discharge has already been entered, Plaintiff seeks its revocation pursuant to 11 U.S.C. § 727(d).

## IV. FOURTH CLAIM FOR RELIEF
### (Fraudulent Transfer or Other Equitable Relief)

30) Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1–17 above.

31) To the extent MLF or the Debtor transferred all or part of the $1 million to Chris McMillan or another insider without receiving reasonably equivalent value, such transfer constitutes an actual or constructive fraudulent transfer under 11 U.S.C. §§ 544, 548, or applicable state law.

32) Plaintiff seeks avoidance of such transfers and/or appropriate equitable relief (imposition of constructive trust, etc.) to recover or trace the diverted funds, to the extent necessary to protect Plaintiff's interests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ochlockonee International, LLC respectfully requests that the Court enter judgment in its favor and against the Defendant as follows:

1) On the First and Second Claims for Relief: Determining that Defendants' obligations to Plaintiff are nondischargeable under 11 U.S.C. §§ 523(a)(2) and/or (a)(4);

2) On the Third Claim for Relief: Denying each Defendant's discharge pursuant to 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4), or (a)(5), or revoking any discharge already granted under § 727(d);

3) On the Fourth Claim for Relief: Avoiding the fraudulent transfers and/or imposing a constructive trust or similar equitable remedy over the diverted funds or assets traceable thereto;

4) Awarding Plaintiff actual damages in the amount of at least $1 million plus accrued interest, attorneys' fees (if contractual or statutory), and costs of suit; and

5) Granting such other and further relief as the Court deems just and proper.

MICHAEL H. MOODY LAW, P.A.
*Counsel for Ochlockonee International, LLC*
1350 Market Street, Suite 224
Tallahassee, Florida 32312
*Mail*: P.O. Box 4363
Tallahassee, FL 32315
Tel/Fax: (850) 739-6970

By:  /s/ Michael H. Moody, Esq.
     Michael H. Moody, Esq.
     Florida Bar No. 6471
     Michael.Moody@MichaelHMoodyLaw.com